(10 Misc. Rep. 433.)

## PARMELE v. ROSENTHAL.

(Superior Court of Buffalo, Special Term. November, 1894.)

JUDGMENT—OPENING DEFAULT—MUNICIPAL COURT OF BUFFALO.

The superior court of Buffalo, being authorized to open defaults taken in the municipal court on "such terms as may be just," is not affected

by limitation imposed on the municipal court by the statute which authorizes it to open defaults on such terms as may be just, but providing that no greater terms shall be imposed than payment of costs.

Action by Edward S. Parmele against Emanuel Rosenthal in the municipal court. A default was taken, and defendant moves in the superior court to open the same. Granted.

H. H. Bacon, for plaintiff.

Joseph P. Schattner, for defendant.

HATCH, J. The claim is made that this court is limited in imposing terms, as a condition of opening defaults, to the provisions applicable where the motion is made in the municipal court. This contention cannot prevail, for the language of the statute excludes it. The provision relative to the municipal court is that it "shall have power to open defaults and set aside judgments * * * upon such terms as may be just, * * * but no greater terms shall be imposed than the payment of the costs included in the judgment and the sum of three dollars for opposing the motion." Where the application is made to the superior court, that court is to exercise the power, and grant a new trial upon such terms as may be just. There is no limitation upon the imposition of terms, only that they may be just. If there was not the express limitation upon the municipal court, it could doubtless impose greater terms as a condition of opening defaults, and have them just within the facts of a particular case; and it is quite clear that, by leaving out the words of limitation when speaking of the superior court, the legislature intended to leave it to the discretion of the court making the order. The terms which may be imposed are no part of the practice by which the motion is brought to a hearing. A course of procedure is incorporated into the statute which corresponds in all essential particulars to the practice obtaining in courts of record for bringing similar motions to a hearing; and, as such practice answers all necessary requisites in bringing about a determination of the question, it is continued uniform in both courts, while the terms to be imposed as a condition of granting the order are in one case limited and in the other not. The terms which may be imposed in either court are the costs included in the judgment; and in the municipal court not exceeding three dollars costs of imposing the motion, and in the superior court such sum as may be just. Section 462 of the charter provides for the costs which shall be included in the judgment. These are divided between such as are to be paid to the clerk, and by him paid into the treasury of the city, and such as are allowed to the prevailing party for the purpose of indemnity. But they each become a part of the judgment rendered, and are included therein. They, therefore, become, by the language of the statute, a part of the terms to be imposed. Charter, § 470. Default opened, and new trial ordered in the municipal court of Buffalo for November 20, 1894, 10 a. m. Costs allowed, $12.

Ordered accordingly.